IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VELMA GUNN and CHARLES GUNN                                PLAINTIFF

v.                          No. 4:12-cv-661-DPM

ST. VINCENT INFIRMARY MEDICAL
CENTER; JOHNSON & JOHNSON; FIRST
INITIATIVES INSURANCE LTD.; and
ETHICON, INC.                                              DEFENDANTS

ORDER

In 2004 Velma Gunn underwent surgery at St. Vincent's hospital. The procedure involved the insertion of a surgical mesh manufactured and distributed by Johnson & Johnson and Ethicon, Inc. She says the mesh eroded and failed, and causes her extreme pain and discomfort. She brings products liability and negligence claims against the defendants. St. Vincent moves to dismiss or for judgment on the pleadings, saying all claims against the hospital are time-barred. The panel on multi-district litigation has entered a conditional transfer order in this tag-along case to MDL No. 2327. *Case MDL No. 2327, Document No. 673*. The Court retains jurisdiction until a final transfer occurs, and, in the interest of judicial efficiency, should rule on pending motions that turn primarily on local law.

The parties agree that the two-year statute of limitations found in the Medical Malpractice Act, ARK. CODE ANN. § 16-114-203, governs the Gunns' claims against St. Vincent. *Document No. 7, at 3*. Eight years passed before the Gunns filed their complaint. The question is whether the discovery rule, which can toll the statute of limitations in products cases, also stops time for claims brought under the Malpractice Act. And the answer is clear: "The date of the accrual of the cause of action shall be the date of the wrongful act complained of *and no other time*." ARK. CODE ANN. § 16-114-203(b). (emphasis added). No authority binds the Malpractice Act and the discovery rule.

Does the Malpractice Act cover all of the Gunns' claims against St. Vincent? It does. The Act is written broadly, and anticipates both negligence and strict-liability claims. "Medical injury means any adverse consequences . . . resulting from negligence . . . in the performance of such services[.]" ARK. CODE ANN. § 16-114-201(3). And a "cause of action based on strict or product liability is an action for medical injury as that term is used in the Medical Malpractice Act." *Adams v. Arthur*, 333 Ark. 53, 87, 969 S.W.2d 598, 615 (1998). The Gunns' claims are time-barred as to St. Vincent and are therefore dismissed with prejudice.

\* \* \*

St. Vincent's motion for judgment, *Document No. 4*, is granted. Because St. Vincent is no longer a party, the motion to remand for lack of diversity, *Document No. 17*, is denied. To promote judicial economy, the motion to stay further proceedings pending likely transfer to the MDL, *Document No. 14*, is granted. *Zarecor v. Morgan Keegan & Co.*, No. 4:11CV824, 2012 U.S. Dist. LEXIS 2047, at \*3 (E.D. Ark. 9 January 2012).

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

29 November 2012

-3-